1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9                               FRESNO DIVISION

10

11   ROBERT P BARRON,                    Case No 1-06-cv-1001-VRW

12                  Petitioner,          ORDER DENYING PETITION FOR
                                         WRIT OF HABEAS CORPUS
13                  v

14   JAMES D HARTLEY, Acting Warden of
     Avenal State Prison,
15
                    Respondent.
16

17

18

19          Petitioner Robert P Barron, a prisoner incarcerated at

20   Avenal State Prison in Avenal, California, seeks a writ of habeas

21   corpus pursuant to 28 USC § 2254.  In his petition, he challenges

22   the October 28, 2003, decision of the California Board of Prison

23   Hearings ("the board") to deny him parole.

24

25                                     I

26          In 1992, petitioner shot and killed his wife.  He was

27   convicted of second-degree murder later that year.  In 1993,

28   petitioner was sentenced to an indeterminate term of 15 years to

life for the murder plus four years consecutive thereto for the use of a firearm.

About ten years later, petitioner appeared before the board for his initial parole hearing.  In rendering its decision denying parole, the board discussed the circumstances of petitioner's crime, noting that petitioner planned his crime, as evidenced by the fact that he broke into his safe to obtain a gun and loaded it before walking to the crime scene; that petitioner shot his victim in her chest at extremely close range, evidencing a lack of regard for the life and suffering of another; and that petitioner's motive for his crime — he wanted to scare his wife into discussing their marital problems — was trivial, even inexplicable.

In addition to the circumstances of petitioner's crime, the board cited as a factor in its decision petitioner's failure to participate sufficiently in beneficial self-help programs while incarcerated.  Such participation was found lacking even though it was necessary for petitioner to come to terms with the causative factors of his crime and to develop skills that would allow him to remain clean and sober, given that petitioner attributed his crime to the influence of alcohol and the gains he had made through participating in Alcoholics Anonymous were recent.

Petitioner appealed the board's decision and sought review at all three levels of the state-court system.  In each case, relief was denied.  In the present federal action, petitioner contends that, in denying him parole, the board deprived him of liberty without due process of law in violation

2

of his rights under the Fourteenth Amendment to the United States
Constitution.

## II

Under California law, prisoners serving indeterminate
life sentences, like petitioner, become eligible for parole after
serving minimum terms of confinement required by statute.  In re
Dannenberg, 34 Cal 4th 1061, 1069–70 (2005).  At that point,
California's parole scheme provides that the board "shall set a
release date unless it determines that the gravity of the current
convicted offense or offenses, or the timing and gravity of
current or past convicted offense or offenses, is such that
consideration of the public safety requires a more lengthy period
of incarceration."  Cal Penal Code § 3041(b).  Regardless of the
length of the time served, "a life prisoner shall be found
unsuitable for and denied parole if in the judgment of the panel
the prisoner will pose an unreasonable risk of danger to society
if released from prison."  Cal Code Regs tit 15, § 2402(a).  In
making this determination, the board must consider various
factors, including the prisoner's social history, past criminal
history, and base and other commitment offense, including
behavior before, during and after the crime.  See Cal Code Regs
tit 15, § 2402(b)-(d).

California's parole scheme "gives rise to a cognizable
liberty interest in release on parole which cannot be denied
without adequate procedural due process protections."  Sass v
California Bd of Prison Terms, 461 F3d 1123, 1128 (9th Cir 2006);
McQuillion v Duncan, 306 F3d 895, 902 (9th Cir 2002).  It matters

Case No 1-6-cv-1001-VRW (ED Cal)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)

1  not that a parole release date has not been set for the inmate

2  because "[t]he liberty interest is created, not upon the grant of

3  a parole date, but upon the incarceration of the inmate."  <u>Biggs</u>

4  <u>v Terhune</u>, 334, F3d 910, 914-15 (9th Cir 2003).

5         Petitioner's due-process rights require that "some

6  evidence" support the board's decision finding him unsuitable for

7  parole.  <u>Sass</u>, 461 F3d at 1125.  This "some evidence" standard is

8  deferential, but ensures that "the record is not so devoid of

9  evidence that the findings of [the board] were without support or

10  otherwise arbitrary."  <u>Superintendent v Hill</u>, 472 US 445, 457

11  (1985).  Determining whether this requirement is satisfied "does

12  not require examination of the entire record, independent

13  assessment of the credibility of witnesses, or weighing of the

14  evidence."  Id at 455-56.

15         Due process also requires that the evidence underlying

16  the parole board's decision have some indicia of reliability.

17  <u>Biggs</u>, 334 F3d at 915; <u>McQuillion</u>, 306 F3d at 904.  Relevant to

18  this inquiry is whether the prisoner was afforded an opportunity

19  to appear before, and present evidence to, the board.  See <u>Pedro</u>

20  <u>v Oregon Parole Bd</u>, 825 F2d 1396, 1399 (9th Cir 1987).  If the

21  board's determination of parole unsuitability is to satisfy due

22  process, there must be some evidence with some indicia of

23  reliability to support the decision.  <u>Rosas v Nielsen</u>, 428 F3d

24  1229, 1232 (9th Cir 2005).

25  \\

26  \\

27  \\

28  \\

**4**

### III

Petitioner argues that the board failed to provide specific reasons denying him parole and did not establish that he was a threat to public safety; moreover, he contends, various factors, such as his lack of a prior criminal record or prison disciplinary record, his remorse, his plans for parole and a favorable mental-health evaluation weighed in favor of granting parole.  As noted above, the record shows that the board discussed thoroughly, and accordingly found, two factors tending to show petitioner's unsuitability for parole — the circumstances of his crime and his failure to participate sufficiently in beneficial self-help programs while incarcerated — and that these circumstances formed the basis for the board's conclusion that petitioner posed "an unreasonable risk of danger to society and a threat to public safety if released from prison."  See Cal Code Regs tit 15, § 2402(a) (stating that a prisoner determined to be an unreasonable risk to society shall be denied parole).  The record also shows that the board afforded petitioner and his counsel an opportunity to speak and to present petitioner's case at the hearing, gave them time to review petitioner's central file, allowed them to present relevant documents and provided them with a reasoned decision in denying parole.

In short, the record shows that the board had some reliable evidence to support its finding of unsuitability. Because this was petitioner's first parole hearing, the circumstances surrounding the murder, which suggested a callous disregard for human suffering as well as a trivial motive, were particularly relevant to the board's decision.  Accord Irons v

5

<u>Carey</u>, 505 F3d 846, 850 (9th Cir 2007) (upholding denial of
parole based solely on gravity of offense).  It is also relevant
that petitioner had not yet served the minimum 15-years
determinate part of his sentence.  See id at 853 (denial of
parole based on commitment offense where petitioner has not yet
served the minimum number of years required by his sentence will
generally comport with due process).  In addition, finding that
petitioner had not sufficiently participated in beneficial self-
help programs reasonably contributed to the board's determination
that he was unsuitable for parole.  See <u>Hill</u>, 474 US at 455-56.

   The board's detailed findings rebut petitioner's
allegation that the board did not afford him individualized
consideration.  While lauding his recent vocational and
behavioral gains and other positive factors, the board reasonably
concluded that petitioner was not yet suitable for parole.  It is
not up to this court to "reweigh the evidence."  <u>Powell v Gomez</u>,
33 F3d 39, 42 (9th Cir 1994).

   Petitioner alleges that prisoners sentenced to life
terms are routinely denied parole and that this constitutes a
denial of due process.  But the record makes clear that the board
provided ample justification for its denial of parole to
petitioner.  There is a rational basis supporting the weight
given to petitioner's commitment offense, especially at an
initial parole hearing, and the record establishes that the
board's decision comported with the requirements of due process.

\\

\\

\\

IV

Accordingly, and good cause appearing therefor, the court hereby denies petitioner's petition for a writ of habeas corpus.  The clerk shall enter judgment in favor of respondent, terminate all motions and close the file.

IT IS SO ORDERED.

_____
**VAUGHN R WALKER**
**United States District Chief Judge**

Case No 1-6-cv-1001-VRW (ED Cal)
ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
(DPSAGOK)